IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MONA MANCHANDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:14cv1339 (JCC/TCB) |
| | ) |
| HAYS WORLDWIDE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Hays Worldwide LLC and David Hays' ("Defendants") Motion to Dismiss. [Dkt. 13.] Plaintiff Mona Manchanda ("Plaintiff" or "Manchanda"), acting as personal representative for the estate of Eena Singh Karras, has brought this wrongful death action against Defendants. For the following reasons, the Court will deny the motion.

### I. Background

At the motion to dismiss stage, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On or about May 27, 2012, at approximately mid-day, Eena Karras was engaging in a scuba diving certification class at Lake Rawlings in Brunswick County, Virginia under the direction of David Hays, an agent of Hays Worldwide. (Notice of

Removal, Ex. A [Dkt. 1] ¶ 3 [hereinafter "Complaint"].) According to Plaintiff, Hays failed "to act in due care and in a reasonable and prudent fashion considering the safety requirements of Lake Rawlings based upon the dive conditions" on that day. (*Id.* ¶ 17.) As a result of Defendants' alleged negligence, Karras drowned and died. (*Id.* ¶¶ 10, 13.)

Plaintiff, the administrator of Karras' estate, filed this suit in the Circuit Court for the City of Alexandria on May 27, 2014. (*See* Compl.) As best can be determined, she alleges a single count of negligence pursuant to the Virginia Wrongful Death Act, Va. Code Ann. § 8.01-50 *et. seq*. She states the statutory beneficiaries have and will continue to suffer damages and seeks recovery in the amount of $5,000,000.00 for: (1) sorrow, mental anguish, and solace; (2) expenses for Karras' care, treatment, and hospitalization incident to the injury resulting in death; (3) reasonable funeral expenses; and (4) compensation for reasonably expected loss of income, and the "services, protection, care, and assistance" of Karras. (Compl. ¶ 16.)

Defendants timely removed this action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). (Notice of Removal ¶ 3.) Soon thereafter, they filed this motion to dismiss [Dkt. 3] and accompanying memorandum in

support [Dkt. 4]. Having been fully briefed and argued, this motion is ripe for disposition.

## II. Legal Standard[1]

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint[.]" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his or her claims.

---

[1] This case was removed from state court. "The case will proceed as if it originally had been brought in the federal court. Thus, it has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters." 14C Fed. Prac. & Proc. Juris. § 3738 (4th ed. 2011). Generally, a federal court will not require the parties to redo the state court pleadings, "although the district court may find it necessary to order repleading when the state pleading requirements vary markedly from federal practice." *Id.* In practice, however, this has rarely been an issue, as the Federal Rules of Civil Procedure have had a strong impact on state court procedures in most states. *Id.* Therefore, Federal Rule of Civil Procedure 12(b)(6) is the appropriate legal standard to apply here.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). To survive a motion to dismiss, a plaintiff's complaint must demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Legal conclusions couched as factual allegations are not sufficient. *Twombly*, 550 U.S. at 555. Hence, a pleading that offers only "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

Moreover, the plaintiff does not have to show a likelihood of success on the merits. Rather, the complaint must merely allege - directly or indirectly - each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63.

### III. Analysis

Defendants make three arguments in support of its motion to dismiss. First, they contend Plaintiff's claims are barred by the two liability releases signed by Karras. (Defs.' Mem. in Supp. [Dkt. 4] at 8.) Second, they argue that Karras "expressly and voluntarily assumed the risks of scuba diving."

4

(*Id.*)  Finally, they maintain Plaintiff has failed to allege any factual basis to support proximate cause of her negligence claim.  (*Id.*)  In response, Plaintiff urges the Court not to consider the "unsupported 'facts'" related to the liability agreements that she did not allege in her complaint.  (Pl.'s Opp. [Dkt. 10] at 3.)  Furthermore, Plaintiff argues that pre-injury liability waivers are not enforceable under Virginia law.  (*Id.* at 4.)  While Plaintiff maintains that Defendants' arguments about assumption of the risk are unavailing, she argues it is premature to consider the merits at the motion to dismiss stage.  (*Id.* at 5-6.)  Finally, Plaintiff maintains she has sufficiently alleged proximate causation.  (*Id.* at 7-9.)

Each argument will be addressed in turn.

**A. Liability Releases**

When considering a motion to dismiss, "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 396 (4th Cir. 2006).  There are exceptions to this rule.  Courts may properly take judicial notice of matters of public record.  *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (citation omitted).  Courts may also consider "documents attached to the complaint . . . as well as those attached to the motion to

5

dismiss, so long as they are integral to the complaint and authentic." *Id.*

Here, the Court does not need to decide whether to convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment nor decide whether the liability releases are integral to the complaint. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted).[2] Whether the liability waivers apply to bar Plaintiff's claim is an affirmative defense that Defendants bear the burden of pleading and proving. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citing Fed. R. Civ. P. 8(c)). Such an affirmative defense has no bearing on whether Plaintiff has adequately stated a claim for relief. Should Defendants wish to assert this defense, the appropriate time is at a motion for summary judgment.

---

[2] In the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (emphasis is original). The facts necessary to rule on an affirmative defense here are not present on the face of a complaint, so this limited exception does not apply here.

6

### B. Assumption of Risk

Similarly, assumption of risk is an affirmative defense. *DeSole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). To find that assumption of risk applies at the motion to dismiss stage, the Court must find that the defense applies as a matter of law, "of universal application and regardless of factual variation." *Id.* In Virginia, "[a]pplication of the defense of assumption of risk requires use of a subjective standard, which addresses whether a particular plaintiff fully understood the nature and extent of a known danger and voluntarily exposed herself to that danger." *Thurmond v. Prince William Prof'l Baseball Club, Inc.*, 574 S.E.2d 246, 249-50 (Va. 2003); *see Young v. Lambert*, 482 S.E.2d 823, 826 (Va. 1997) (stating defense depends on "what the particular plaintiff in fact sees, knows, understands, and appreciates."). Unless reasonable minds could not differ, the defense ordinarily presents a jury question. *Id.*

Defendants have not cited any Virginia case law that states the defense of assumption of risk applies as a matter of law in cases involving scuba diving accidents. *Cf. Thurmond*, 574 S.E.2d 246, 250-51 (stating that as a matter of law, "when a particular adult spectator of ordinary intelligence is familiar with the game of baseball, that spectator assumes the normal risks of watching a baseball game, including the danger of being

7

hit by a ball batted into an unscreened seating area of the stadium."). Therefore, the Court is not prepared to state that, as a matter of law, Kerras assumed the risk of drowning when she participated in the dive. As with the liability releases, assumption of risk is a defense that is outside the scope of the Court's task in considering this motion since it requires an individualized factual inquiry to determine whether it applies as well as consideration of the liability waivers, which the Court will not consider at this stage. *See Edwards*, 178 F.3d at 243-44.

### C. Pleading Causation

In order to establish a prima facie negligence claim, a plaintiff has the burden of proving "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Lathon v. Wal-Mart Stores E., LP*, No. 3:09cv57, 2009 WL 1172864, at *2 (E.D. Va. Apr. 29, 2009) (citing *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003)). Defendant challenges whether Plaintiff has sufficiently alleged that Defendants' negligence was the proximate cause of Karras' death. (Def.'s Mem. at 15.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation in the complaint "must be simple, concise, and direct. No technical

8

form is required." Fed. R. Civ. P. 8(d)(1). Specific facts are not necessary; the statement need only "give defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombley*, 550 U.S. at 555. Furthermore, "pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

In light of the Federal Rules of Civil Procedure and the Supreme Court's guidance in *Twombley*, Plaintiff has sufficiently pled a claim for negligence. Paragraph 18 of the complaint lists the ways in which Defendants were allegedly negligent: failing to properly observe and monitor Karras during the dive; failing to ascertain whether Karras needed assistance and promptly rendering that assistance; failing to render care to Karras after she was removed from the lake; failing to properly equip Karras; failing to have the appropriate number of dive personnel to supervise the dive; failing to adequately train said personnel; failing to adequately supervise students and personnel; and failing to have proper life-saving equipment at the lake. (Compl. ¶ 18.) The complaint further states that as a direct and proximate result of these negligent acts, Karras died. (*Id.* ¶ 15.) Though threadbare, this is sufficient to give Defendants notice of the claim and thus survives a Rule 12(b)(6) motion to dismiss.

Defendants cite three cases in support of its arguments that Plaintiff's allegations are insufficient. All

9

three are inapposite because they were decided after plaintiffs had presented their case-in-chief and had failed to carry their burden to show defendants' negligence proximately caused the drowning. *See Estate of Knight ex rel. Knight v. Hoggard*, Nos. 98-1778, 98-1847, 1999 WL 390987, at *5 (4th Cir. June 15, 1999) (reversing district court's denial of motion for judgment as a matter of law because it was "sheer speculation" to conclude plaintiff's drowning was a result of anything defendant did and jury could only guess at how drowning occurred); *Phillips v. Se. 4-H Educ. Ctr., Inc.*, 510 S.E.2d 458, 460-61 (Va. 1999) (affirming trial court's grant of motion to strike at close of plaintiff's case because no evidence tending to show that defendants' alleged negligence caused plaintiff to drown); *Blacka v. James*, 139 S.E.2d 47, 50 (Va. 1964) (setting aside jury verdict because no proof of causal connection between the drowning and negligence of the defendant).

Here, Plaintiff has (just barely) pled facts indicating that negligence is a facially plausible explanation for the accident. The Court does not find it unreasonable to infer, at this point in the proceedings, that the drowning resulted from some failure on the part of Defendants to supervise or otherwise provide treatment to Karras. Therefore, the Court declines to dismiss the action for failure to sufficiently allege proximate causation. *See Old Republic Ins.*

*Co. v. Spring Menders, Inc.*, No. 2:11cv69, 2011 WL 2838179, at *5 (E.D. Va. July 14, 2011) (denying a motion to dismiss because defendant's negligence was a facially plausible explanation for the property damage).

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendants' motion.  An appropriate Order will issue.

|  |  |
|---|---|
|  | /s/ |
| December 17, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

11